UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ANTHONY J. FUTIA, JR.,
            Plaintiff,

v.

**ORDER**

RAYMOND ROBERTS, DOUGLAS
O'DONNELL, CHASE BANK, BANK OF
GREENE COUNTY, WESTCHESTER
COUNTY CLERK TIMOTHY C. IDONI, SSA
COMMISSIONER KILOLO KIJAKZI,
            Defendants.
--------------------------------------------------------------x

23 CV 1774 (VB)

Copies Mailed/Faxed 11-16-23
Chambers of Vincent L. Briccetti

    By Order dated October 30, 2023, the Court exercised its inherent authority to impose financial sanctions on plaintiff, proceeding pro se, for his willful disregard of court orders and repeated vexatious filings. (Doc. #56 ("Sanctions Order")); see Sassower v. Field, 973 F.2d 75, 80–81 (2d Cir. 1992), cert. denied, 507 U.S. 1043 (1993). Plaintiff was ordered to pay $500.00 to the Clerk of Court by November 13, 2023. To date, the docket does not indicate plaintiff has made payment.

    On November 13, 2023, plaintiff filed a document entitled "Notice of Appeal," in which he challenges the Court's decision to impose sanctions and to deny plaintiff in forma pauperis status for purposes of appealing the Sanctions Order. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Clerk docketed plaintiff's filing as a notice of interlocutory appeal from the Court's Sanctions Order. (Doc. #57).

    The Sanctions Order was not a final, appealable decision within the meaning of 28 U.S.C. § 1291. See Cunningham v. Hamilton County, 527 U.S. 198, 204 (1999) ("[A] decision is not final, ordinarily, unless it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" (quoting Van Cauwenberghe v. Biard, 486 U.S. 517, 521–22

1

(1988))). Accordingly, to challenge the Sanctions Order, plaintiff must bring an interlocutory appeal pursuant to 28 U.S.C. § 1292.

The Sanctions Order was not appealable by right under 28 U.S.C. § 1292(a). See S.E.C. v. Smith, 710 F.3d 87, 95 (2d Cir. 2013) (finding no appellate jurisdiction over interlocutory appeals of sanctions imposed under a district court's inherent authority). Therefore, plaintiff may not maintain his appeal unless the Court grants him leave to do so pursuant to 28 U.S.C. § 1292(b).

"Under 28 U.S.C. § 1292(b), a district court can certify a question for interlocutory appeal if the issue 'involves a controlling question of law as to which there is substantial ground for difference of opinion and [if] an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" Murray v. Metro. Life Ins. Co., 583 F.3d 173, 176 (2d Cir. 2009) (quoting 28 U.S.C. § 1292(b)). "[O]nly exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Flor v. Bot Fin. Corp. (In re Flor), 79 F.3d 281, 284 (2d Cir. 2005). The "would-be appellant" bears the burden of showing an interlocutory appeal is warranted. Casey v. Long Island R.R. Co., 406 F.3d 142, 146 (2d Cir. 2005).

For the following reasons, the Court finds an interlocutory appeal of the Sanctions Order is unwarranted.

The Second Circuit has explicitly confirmed a district court's power, pursuant to its inherent authority, to impose sanctions on a pro se litigant for vexatious conduct. See Sassower v. Field, 873 F.2d at 81 (citing Chambers v. NASCO, Inc., 111 S. Ct. 2123, 2133 (1991)). Further, a court's inherent power to sanction is "truly discretionary" because it springs from the need to "deter abuse of the judicial process" and "achieve the orderly disposition of cases." Yukos Cap.

S.A.R. v. Feldman, 977 F.3d 216, 235 (2d Cir. 2020). As the Court observed in the Sanctions Order, plaintiff has violated court orders, filed repetitive demands for baseless relief on grounds the Court has already deemed frivolous, and ignored numerous Court warnings that his behavior would result in sanctions. (Doc. #56). Under such circumstances, the Court finds no substantial ground for difference of opinion concerning its authority to impose sanctions for plaintiff's course of conduct. Moreover, appeal of the Sanctions Order would not in any way further the resolution of this action. And, if he so wishes, plaintiff will have a full and fair opportunity to appeal the Court's imposition of sanctions upon entry of a final judgment in this matter. See Douglas v. Merck & Co., 456 F. App'x 45, 57 (2d Cir. 2012) (summary order).

Accordingly, it is HEREBY ORDERED:

The Court declines to grant plaintiff leave to file an interlocutory appeal of the Sanctions Order.

Plaintiff remains obligated to comply with the Sanctions Order. However, in consideration of plaintiff's pro se status, the Court will extend plaintiff's time to comply. By November 27, 2023, plaintiff must pay $500.00 to the Clerk, U.S. District Court, Southern District of New York. Payment may be made at the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: November 16, 2023
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge