UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
  ANTHONY J. FUTIA, JR.,              :
                  Plaintiff,     :
  v.                             :
                             :
  RAYMOND ROBERTS; DOUGLAS     :
  O'DONNELL; CHASE BANK; BANK OF  :
  GREENE COUNTY; WESTCHESTER   :
  COUNTY CLERK TIMOTHY C. IDONI; and :
  SSA COMMISSIONER KILOLO KIJAKAZI, :
                 Defendants.   :
--------------------------------------------------------------x

**OPINION AND ORDER**

23 CV 1774 (VB)

Briccetti, J.:

      Plaintiff Anthony J. Futia, Jr., proceeding pro se, brings this action asserting various

federal and state law claims against Internal Revenue Service ("IRS") Revenue Officer Raymond

Roberts, IRS Acting Commissioner Douglas O'Donnell, Social Security Administration ("SSA")

Acting Commissioner Kilolo Kijakazi (together, the "Federal Defendants"), Westchester County

Clerk Timothy C. Idoni, JPMorgan Chase Bank, N.A. ("Chase"), and Bank of Greene County.

      Now pending are (i) the Federal Defendants' motion to dismiss the complaint pursuant to

Rules 12(b)(1) and 12(b)(6) (Doc. #5); (ii) defendant Idoni's motion to dismiss the complaint

pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) (Doc. #22); and (iii) defendant Chase's motion

to dismiss the complaint pursuant to Rule 12(b)(6) (Doc. #28).

      For the reasons set forth below, the motions are GRANTED.[1]

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.[2]

---

[1]    Defendant Bank of Greene County answered the complaint. (Doc. #46). However, for
the reasons discussed in this Opinion and Order, plaintiff's claims against Bank of Greene
County must be dismissed.

[2]    This case was originally commenced in New York State Supreme Court, Westchester
County, and removed to this Court pursuant to 28 U.S.C. § 1442(a)(1).

## BACKGROUND

For the purpose of ruling on the motions to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and any documents attached thereto,[3] and certain factual allegations in plaintiff's oppositions.[4]  The Court draws all reasonable inferences in plaintiff's favor, as summarized below.

This case arises from a tax lien and subsequent levies the IRS imposed on plaintiff's assets to recover his unpaid tax liability for the years 2014 and 2017.

As of July 29, 2022, plaintiff owed $84,393.36 in unpaid federal income taxes. Accordingly, on August 9, 2022, the IRS filed a notice of federal tax lien bearing plaintiff's name and tax assessment information with the County Clerk in Westchester County, New York.

Pursuant to the tax lien, the SSA began garnishing a portion of plaintiff's monthly Social Security payments in August 2022.  The IRS also issued levies on plaintiff's bank accounts held at Chase and Bank of Greene County.  On November 17, 2022, Bank of Greene County sent the IRS a $2,524.17 payment from plaintiff's account, and Chase put a hold on $6,064.74 in plaintiff's account.

---

[3]     In deciding a Rule 12(b)(6) motion, the Court "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable, L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

[4]     Because plaintiff is proceeding pro se, the Court considers new allegations in his oppositions, to the extent they are consistent with the complaint.  See Kelley v. Universal Music Grp., 2016 WL 5720766, at *6 (S.D.N.Y. Sept. 29, 2016).

Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Plaintiff claims the notice of lien and the levies were invalid, fraudulent or "counterfeit" for several reasons.  (Doc. #1-1 ("Compl.") at 27).  Specifically, he alleges (i) a levy must be accompanied by an "[o]ath or affirmation" and preceded by a court-ordered lien (id. at 31); (ii) only a sheriff may properly serve a levy on any receiving party; (iii) the IRS is not a legitimate agency of the United States government but, rather, "a private collection agency for a foreign privately owned bank, namely the 'Federal Reserve'" (id. at 13); and (iv) defendants Roberts and O'Donnell filed the allegedly fraudulent notice of lien and the invalid levies while "posing as government agents," "when in fact [they] are not" (id.).

Plaintiff brings claims against defendants Roberts and O'Donnell for violations of various criminal laws, violations of his Fourth and Fifth Amendment rights, fraud, "duress," "malicious abuse of process," and intentional infliction of emotional distress.  (Compl. at 25–28). Plaintiff also claims defendants Kijakazi, Chase, and Bank of Greene County committed "robbery through a fraudulent levy" by complying with the levies.  (Id. at 28–31).  Lastly, plaintiff brings a claim of "filing a fraudulent lien" against defendant Idoni for accepting and filing the allegedly invalid notice of lien in the Westchester County Clerk's Office.  (Id. at 31). Plaintiff seeks restitution and damages from all defendants, in varying amounts, to be paid in Morgan Silver Dollars.

## DISCUSSION

I.    Standard of Review

A.    Rule 12(b)(1)

A district court must dismiss an action pursuant to Rule 12(b)(1) "for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it."  Conn. Parents Union v. Russell-Tucker, 8 F.4th 167, 172 (2d Cir. 2021).

When deciding a Rule 12(b)(1) motion at the pleading stage, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor," except for "argumentative inferences favorable to the party asserting jurisdiction." Buday v. N.Y. Yankees P'ship, 486 F. App'x 894, 895 (2d Cir. 2012) (summary order). To the extent a Rule 12(b)(1) motion places jurisdictional facts in dispute, the district court must resolve the disputed jurisdictional fact issues by referring to evidence outside the pleadings. Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011).

In addition, when a defendant moves to dismiss for lack of subject matter jurisdiction and on other grounds, a court should consider the Rule 12(b)(1) challenge first. Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

B.      Rule 12(b)(2)

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003). Prior to discovery, a plaintiff may defeat a motion to dismiss "by pleading in good faith legally sufficient allegations of jurisdiction." Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990). "At that preliminary stage, the plaintiff's prima facie showing may be established solely by allegations." Id. Plaintiff can also make this showing through his own affidavits and supporting materials containing an averment of facts that, if credited, would suffice to establish jurisdiction over a defendant. Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001).

When there has been no hearing on the merits, "all pleadings and affidavits must be construed in the light most favorable to [the plaintiff] and all doubts must be resolved in . . . [the] plaintiff's favor." Landoli Res. Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039,

1043 (2d Cir. 1990).  "Nevertheless, conclusory allegations lacking factual specificity do not

satisfy this burden."  RSM Prod. Corp. v. Fridman, 643 F. Supp. 2d 382, 393 (S.D.N.Y. 2009)

aff'd, 387 F. App'x 72 (2d Cir. 2010) (summary order).

     C.    Rule 12(b)(5)

When considering a motion to dismiss pursuant to Rule 12(b)(5) for insufficient service

of process, the Court must look to matters outside the complaint to determine whether it has

jurisdiction.  Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).

Plaintiff bears the burden of proving service of process was adequate.  Id.

"Where a defendant moves for dismissal under Rules 12(b)(2), (5), and (6), the Court

must first address the preliminary questions of service and personal jurisdiction."  Hertzner v.

U.S. Postal Serv., 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007); see also Arrowsmith v.

United Press Int'l, 320 F.2d 219, 234 (2d Cir. 1963) (remanding to district court to resolve issues

relating to jurisdiction, "before any further consideration of the merits").  "Before a federal court

may exercise personal jurisdiction over a defendant, the procedural requirement of service of

summons must be satisfied."  Dynegy Midstream Servs. v. Trammochem, 451 F.3d 89, 94 (2d

Cir. 2008) (citing Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)).

     D.    Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative

complaint under "the two-pronged approach" articulated by the Supreme Court in Ashcroft v.

Iqbal, 556 U.S. 662, 679 (2009).  First, a plaintiff's legal conclusions and "[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements," are not entitled

to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678;

Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded

factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 554, 557 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II.    The Federal Defendants' Motion to Dismiss

A.    Civil Claims

The Federal Defendants argue (i) plaintiff's Fourth and Fifth Amendment claims against them must be dismissed because aggrieved taxpayers challenging the assessment or collection of taxes have no cause of action under Bivens v. Six Unknown Named Agents, 403 U.S. 399 (1999) ("Bivens"),[5] and (ii) plaintiff's remaining civil claims against them are barred by sovereign immunity.[6]

The Court agrees.

---

[5]    Although plaintiff cites 42 U.S.C. § 1983, the Court construes his allegations against the Federal Defendants to suggest a Bivens claim because Section 1983 "does not apply to allegedly unlawful acts of federal officers." United States v. Acosta, 502 F.3d 54, 60 (2d Cir. 2007).

[6]    The Federal Defendants also move to dismiss the complaint on several other grounds, including, among others, the availability of qualified immunity. Because the Court concludes, for the reasons set forth below, that plaintiff's claims must be dismissed for both lack of subject matter jurisdiction and failure to state a claim, the Court need not reach the Federal Defendants' remaining arguments.

To the extent plaintiff brings claims against the Federal Defendants in their individual capacities, no Bivens action will lie.  To the extent plaintiff asserts claims against the Federal Defendants in their official capacities, these claims are barred by sovereign immunity.[7]

      1.    Legal Standard

Because the "United States may not be sued without its consent," Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004), the federal government is generally immune from suit unless Congress consents to a waiver, Robinson v. Overseas Mil. Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994).  Sovereign immunity also bars a suit against federal officers acting in their official capacities, because such an action is "essentially a suit against the United States."  Id.

"Sovereign immunity is a jurisdictional bar," Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003), so "a waiver of sovereign immunity with respect to the claim asserted is a prerequisite to subject matter jurisdiction,"[8] Daloia v. Rose, 849 F.2d 74, 75 (2d Cir. 1988).  Plaintiff bears the burden to show Congress waived sovereign immunity with respect to his

---

[7]    Plaintiff does not clearly indicate in his complaint whether or not he sues the Federal Defendants in both their individual and official capacities.  Under such circumstances, a pro se plaintiff "should not have the complaint automatically construed as focusing on one capacity to the exclusion of another."  Frank v. Relin, 1 F.3d 1317, 1326 (2d Cir. 1993).  Accordingly, the Court considers whether plaintiff has adequately pleaded claims against the Federal Defendants in either their individual or official capacities.

[8]    In opposition to the Federal Defendants' motion to dismiss, plaintiff suggests there is something awry if the Court finds it lacks jurisdiction to hear plaintiff's claims even though the Federal Defendants were permitted to remove this action to federal court.  However, whether this case was properly removed from state court is a separate and distinct inquiry that does not bear on whether this (or any other) Court has subject-matter jurisdiction to hear particular claims.  Removal jurisdiction was proper here because the Federal Defendants are officers of the United States and plaintiff sues them in their capacities as federal officers.  (See Doc. #33).  Subject-matter jurisdiction, on the other hand, is a "substantive question"—that is, if plaintiff's claims against the Federal Defendants are barred by sovereign immunity, no court has jurisdiction to hear them, and plaintiff would be precluded from bringing these claims in state court, as well.  See Tsitrin v. Jacobs, 2012 WL 3689500, at *3 (S.D.N.Y. Aug. 23, 2012).

claims.  See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  This consent to suit must be expressed unequivocally, with any ambiguity construed strictly in favor of the sovereign.  United States v. Nordic Vill., Inc., 503 U.S. 30, 33–34 (1999).

Claims against federal officers in their personal capacities, on the other hand, may, in theory, be available in a Bivens action.  Under Bivens, "alleged victims of constitutional violations by federal officials may recover damages despite the absence of any statute specifically conferring such a cause of action."  Robinson v. Overseas Mil. Sales Corp., 21 F.3d at 510; see also Bivens, 403 U.S. at 389.  However, the Supreme Court has recognized a Bivens remedy only in cases (i) involving an unlawful arrest and search in violation of the Fourth Amendment, (ii) workplace sex-based discrimination in violation of Fifth Amendment due process, or (iii) a failure to provide adequate medical treatment to a federal prisoner in violation of the Eighth Amendment.  Hernandez v. Mesa, 140 S. Ct. 735, 741 (2020).  Expansion of Bivens to claims arising in other contexts is a "a disfavored judicial activity."  Id. at 742.

Recently, in Egbert v. Boule, the Supreme Court set out a two-step inquiry for courts to determine whether to recognize a new Bivens cause of action.  596 U.S. 483, 492 (2022).  First, the Court must determine "whether the case presents 'a new Bivens context,' i.e., is it 'meaningfully' different from the three cases in which the [Supreme] Court has implied a damages action."  Id.  The Supreme Court's "understanding of a 'new context' is broad."  Hernandez v. Mesa, 140 S. Ct. at 743.  For example, "a new context arises when there is a new constitutional right at issue," Egbert v. Boule, 596 U.S. at 498, or when the defendants were operating under a different "statutory or other legal mandate," Ziglar v. Abbasi, 582 U.S 120, 139–40 (2017).  And, importantly, "[a] claim may arise in a new context even if it is based on the

same constitutional provision as a claim in a case in which a damages remedy was previously recognized." Hernandez v. Mesa, 140 S. Ct. at 743.

"Second, if a claim arises in a new context, a Bivens remedy is unavailable if there are special factors indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." Egbert v. Boule, 596 U.S. at 492. Indeed, a court may not imply a Bivens remedy if there is "[e]ven a single sound reason to defer to Congress." Id. at 491. Moreover, "a court may not fashion a Bivens remedy if Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure"—even if "existing remedies do not provide complete relief" or a "wrong . . . would . . . go unredressed" without a judicial remedy. Id. at 493.

### 2.   Official-Capacity Claims

To the extent plaintiff sues the Federal Defendants in their official capacities, he has not shown his claims—which exclusively relate to tax assessment and collection—fall within any applicable waiver of sovereign immunity. See Perry v. Wright, 2013 WL 950921, at *4 (S.D.N.Y. Mar. 8, 2013) (summarizing provisions that allow taxpayers to file suit in federal court and the requirements for waiver of sovereign immunity as to each).

Moreover, to the extent plaintiff's claims for fraud, intentional infliction of emotional distress, "malicious abuse of process," or "duress" arise under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80, the Federal Defendants are also immune from suit. The government's waiver of sovereign immunity under the FTCA does not apply to "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c); see also Aetna Cas. & Sur. Co. v. United States, 71 F.3d 475, 477 (2d Cir. 1995) (affirming the dismissal

of a tax-related tort claim on sovereign-immunity grounds).  Accordingly, plaintiff's tax-related claims under the FTCA, if any, are barred by sovereign immunity.[9]

Moreover, although plaintiff does not expressly cite the pertinent statutes, liberally construed, his complaint seeks civil damages under the Internal Revenue Code for unauthorized tax collection.  See 26 U.S.C. § 7433 (creating a civil cause of action for taxpayers injured in connection with the collection of federal tax, if "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards" the Internal Revenue Code or a regulation promulgated thereunder).  However, a plaintiff must "exhaust the administrative remedies available through the IRS" before he can sue for civil damages under Section 7433.  Perry v. Wright, 2013 WL 950921, at *4; see 26 U.S.C. § 7433(d)(1).  Plaintiff has not pleaded any facts to suggest he exhausted the administrative remedies available to him before filing the complaint.[10]  See 26 C.F.R. § 301.7433-1 (IRS regulations establishing the procedures a taxpayer must follow to file an administrative claim).  Therefore, plaintiff has not shown an applicable waiver of sovereign immunity under the Internal Revenue Code.  See Perry v. Wright, 2013 WL 950921, at *4–5.

---

[9]     "A claimant's exclusive remedy for nonconstitutional torts [committed] by a government employee acting within the scope of his employment is a suit against the government under the FTCA."  Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994).  Thus, to the extent any tort claims asserted in the complaint do not arise under the FTCA, they are also barred.

[10]     Plaintiff attached to his complaint a letter dated March 8, 2022, addressed to defendant Kijakazi, in which plaintiff refers to communications he had with IRS employees concerning his "case."  (Doc. #1-3 at 13).  Even assuming this letter suggests plaintiff pursued administrative remedies pertaining to his tax obligations generally, it is dated several months before the IRS filed the notice of tax lien and issued the allegedly fraudulent levies plaintiff challenges here.  Accordingly, it does not demonstrate plaintiff pursued administrative remedies related to the specific tax collection efforts that are the subject of the complaint.

Accordingly, plaintiff's civil claims against the Federal Defendants in their official capacities must be dismissed.

3.     Individual-Capacity Claims

To the extent plaintiff asserts claims against the Federal Defendants in their individual capacities, the Court declines to recognize a Bivens remedy.

First, these claims "bear little resemblance to" and arise in a meaningfully different context than those in which the Supreme Court has previously implied a Bivens claim.  See Ziglar v. Abbasi, 582 U.S. at 140 (noting Bivens claims in cases involving "a claim against FBI agents for handcuffing a man in his home without a warrant; a claim against a Congressman for firing his female secretary; and a claim against prison officials for failure to treat an inmate's asthma").

Second, as both the Second Circuit and other district courts have repeatedly observed, "it would be difficult to conceive of a more comprehensive statutory scheme, or one that has received more intense scrutiny from Congress, than the Internal Revenue Code."  Hudson Valley Black Press v. Internal Revenue Serv., 409 F.3d 106, 113 (2d Cir. 2005).  Moreover, Congress is "institutionally well positioned to balance the competing interests at issue in the tax system, and to dictate what remedies are available to aggrieved taxpayers."  Id. at 111.  Such circumstances overwhelmingly counsel against this Court fashioning a Bivens remedy addressing plaintiff's claims.

Accordingly, plaintiff's civil claims against the Federal Defendants in their individual capacities must also be dismissed.

B.    Criminal Statutes

The Federal Defendants argue plaintiff's claims for violations of various federal criminal statutes must be dismissed because plaintiff has no private right of action to enforce these statutes.

The Court agrees.

With very few exceptions, individuals "cannot bring suits as private attorneys general in an effort to right potential violations of criminal statutes." Wright v. Waterside Plaza LLC, 2008 WL 872281, at *2 (S.D.N.Y. Apr. 2, 2008) (citing Chrysler Corp. v. Ash, 441 U.S. 281, 316 (1979)). Here, the criminal statutes plaintiff cites in his complaint create no express private rights of action that would permit him to pursue a claim. See, e.g., id. (no private right of action under 18 U.S.C. § 1341); Bender v. Gen. Servs. Admin., 2006 WL 988241, at *1 (S.D.N.Y. Apr. 14, 2006) (no private right of action under 18 U.S.C. §§ 241, 242, or 1001); Greenspan v. Work, 1991 WL 255373, at *5 n.2 (N.D.N.Y. Nov. 22, 1991) (no private right of action under 18 U.S.C. § 872); Lau v. Merscorp (In re Lau), 684 F. App'x 235, 236–37 (3d Cir. 2017) (per curiam) (no private right of action under 18 U.S.C. § 513).

Plaintiff also provides no authority, and the Court is aware of none, supporting any implied private rights of action under these statutes. See Zahl v. Kosovsky, 2011 WL 779784, at *10 (S.D.N.Y. Mar. 3, 2011) ("[T]he dispositive question is whether Congress intended to create a private right of action, and courts are to be especially reluctant to imply a private right of action where the statute explicitly provides a different remedy." (quoting Alaji Salahuddin v. Alaji, 232 F.3d 305, 308 (2d Cir. 2000))). Thus, this Court sees no basis to infer any private rights of action under the criminal statutes upon which plaintiff relies.

Accordingly, all claims plaintiff brings under the criminal statutes cited in the complaint must be dismissed.

III.    Idoni's Motion to Dismiss

Defendant Idoni argues plaintiff failed properly to serve him and, therefore, plaintiff's claim against him should be dismissed.

The Court agrees.

A.    Legal Standard

"In determining the validity of service prior to removal to federal court, we apply the law of the state in which service was made, which here is New York."  Continental Indus. Grp., Inc. v. Altunkilic, 633 F. App'x 61, 62 n.1 (2d Cir. 2016) (summary order) (emphasis omitted). Nonetheless, 28 U.S.C. § 1448 enables parties to cure deficiencies with the original service, after an action is removed from state to federal court, by re-serving defendants consistent with Federal Rule of Civil Procedure 4.

New York law requires either personal service or a two-step process:  "first, leaving the [summons and complaint] with a person of suitable age and discretion at the individual's actual place of business or usual place of abode, and second, mailing the same to the individual at the individual's last known residence or actual place of business."  Polite v. Town of Clarkstown, 60 F. Supp. 2d 214, 216 (S.D.N.Y. 1996) (emphasis added).  Additionally, to serve a county—and by extension, county officials in their official capacity—a plaintiff must serve "the chair or clerk of the board of supervisors, clerk, attorney or treasurer."  N.Y. C.P.L.R. § 311(a)(4); Baity v. Kralik, 51 F. Supp. 3d 414, 430 (S.D.N.Y. 2014).

When a plaintiff cannot, with due diligence, effect service personally or via the two-step "deliver and mail" process, "nail and mail" service may also permissible.  N.Y. C.P.L.R.

§ 308(4).  "<u>First</u>, the process server must affix the summons and complaint to the door of either the defendant's actual place of business, dwelling, or usual place of abode.  <u>Second</u>, the process server must first class mail the summons and complaint to the defendant's residence or place of business."  <u>Freeman v. Tuan Anh Nguyen</u>, 2014 WL 4628766, at *4 (E.D.N.Y. May 20, 2014) (emphasis added).

Federal Rule of Civil Procedure 4(e) permits service on an individual within a judicial district either in accordance with state law (here, New York law), or by:

> doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2)(A)–(C).

Therefore, under both New York law and Rule 4, service on an individual by mail alone is insufficient.  <u>Obot v. Navient Sols., Inc.</u>, 726 F. App'x 47, 48 (2d Cir. 2018) (summary order); <u>Narayanan v. Garland</u>, 2023 WL 6307872, at *6 (E.D.N.Y. Sept. 28, 2023).

A court "must dismiss" an action without prejudice if a plaintiff fails to effect timely and proper service.  Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure," a court must extend the time for proper service.  <u>Id</u>.  Courts also have discretion to extend the service period even when no good cause is shown.  <u>Zapata v. City of New York</u>, 502 F.3d 192, 196 (2d Cir. 2007).

B.    Application

Idoni submitted with his motion to dismiss an "affidavit of service" that indicates a "summons" was mailed to him at the address of the Westchester County Clerk's Office. (Doc. #26-2).  Plaintiff has filed no other proof of service on Idoni.  Accordingly, plaintiff did not properly serve Idoni, as an individual or as a county official, under either New York or federal law.

The Court also declines to permit plaintiff additional time to properly serve Idoni.

Idoni raised improper service in his motion to dismiss (Doc. #22) and memorandum of law in support (Doc. #27), each filed on April 12, 2023.  Because plaintiff commenced this action on March 1, 2023 (see Compl.), pursuant to Rule 4(m), his deadline to serve Idoni was May 30, 2023.  Thus, plaintiff had ample notice and time to re-serve Idoni before the Rule 4(m) deadline expired, or to request an extension of time to do so.  Plaintiff neither cured the deficiencies in service nor addressed service in any of his opposition filings.

The Court recognizes pro se plaintiffs are ordinarily entitled to "special leniency" concerning procedural matters, such as service of process.  Thrall v. N.Y. Reg'l Transp. Auth., 399 F. App'x 663, 666 (2d Cir. 2010) (summary order).  But this plaintiff, although proceeding pro se, is a sophisticated and experienced litigant who has successfully commenced numerous civil suits in both New York state and federal court over several decades.  See, e.g., Futia v. Westchester Cnty. Bd. of Legislators, 852 F. App'x 30 (2d Cir. 2021) (summary order); Futia v. New York, 837 F. App'x 17 (2d Cir. 2020) (summary order); Futia v. United States, 2023 WL 3061903, at *1 (S.D.N.Y. Apr. 24, 2023); Futia v. Westchester Cnty. Bd. of Elections, 307 A.D.2d 1055 (2d Dep't 2003).  Thus, the Court concludes it is reasonable to expect plaintiff to

have knowledge of the procedural requirements of service of process.  See Tracy v. Freshwater, 623 F.3d 90, 101–02 (2d Cir. 2010).

In sum, plaintiff has failed to prove he properly served Idoni and, therefore, his claim against Idoni for "filing a fraudulent lien" (Compl. at 31) must be dismissed.[11]

IV.    Chase's Motion to Dismiss

Chase asserts plaintiff has failed to state claims against it under the Fourth Amendment, the Fifth Amendment, the "Safe Harbor Act" or for "participat[ing] in a robbery of the plaintiffs' [sic] monies" (Compl. at 28) because Chase is a private party that cannot be sued for constitutional violations and because Chase is immune from liability to plaintiff for its compliance with a tax levy.

The Court agrees.

Chase is a private entity, not a state actor.  "A threshold requirement of plaintiff's constitutional claims is a demonstration that in denying plaintiff's constitutional rights, the defendant's conduct constituted state action."  Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc., 191 F.3d 198, 206 (2d Cir. 1999).  Chase's compliance with an IRS levy cannot transform a private bank into a state actor.  Smith v. Kitchen, 156 F.3d 1025, 1028–29 (10th Cir. 1997). Accordingly, plaintiff cannot state a claim against Chase, under any set of facts, for violations of his Fourth or Fifth Amendment rights.

Moreover, Chase is undoubtedly immune from liability to plaintiff for complying with the administrative tax levy procedure, the constitutionality of which "has long been settled." United States v. Nat'l Bank of Commerce, 472 U.S. 713, 721 (1985).

---

[11]    Because Idoni was not properly served, the Court lacks personal jurisdiction over him, Dynegy Midstream Servs. v. Trammochem, 451 F.3d at 94, and therefore the Court does not reach Idoni's remaining arguments for dismissal.

Contrary to plaintiff's contentions, there was nothing fraudulent or procedurally improper about the levy issued here.  "The IRS may collect delinquent taxes from a taxpayer by issuing a levy on the taxpayer's 'property and rights to property.'"  <u>Celauro v. U.S. Internal Revenue Serv.</u>, 371 F. Supp. 2d 219, 223 (E.D.N.Y. 2005) (quoting 26 U.S.C. § 6331(a)).  That the levy was issued without court action and not served by a sheriff is irrelevant; an administrative levy is a "provisional remedy that does not require judicial intervention or court action" to be effective. <u>Soffer v. United States</u>, 2002 WL 741653, at *6 (S.D.N.Y. Mar. 20, 2002).

Critically, a custodian who honors a levy is relieved of any liability to the taxpayer arising from the surrender or payment of property.  <u>See</u> 26 U.S.C. § 6332(e).  A notice of levy creates a custodial relationship between the government and anyone holding a taxpayer's property, such that the government takes constructive possession of the property.  <u>United States v. Nat'l Bank of Commerce</u>, 472 U.S. at 720.  Compliance with the levy then becomes mandatory, and a custodian incurs liability to the government if he fails to honor it.  <u>Id</u>. at 721. Only two circumstances justify noncompliance:  "[e]ither the person levied upon is not in possession of the property, or the property is subject to prior judicial attachment or execution." <u>Schiff v. Simon & Schuster, Inc.</u>, 780 F.2d 210, 212 (2d Cir. 1985).  Plaintiff has not alleged, and the Court sees no basis to conclude, that either situation existed here.  Thus, "the fact that [plaintiff] disputes the validity of the underlying tax assessment d[id] not alter [Chase's] obligation to honor the levy."  <u>Id</u>.

Accordingly, plaintiff cannot state a claim against Chase for surrendering his property to the IRS.

V.      Bank of Greene County

Even though Bank of Greene County has not moved to dismiss, the Court has inherent authority to dismiss frivolous claims sua sponte, even when a filing fee has been paid.  See Fitzgerald v. First East Seventh Tenants Corp., 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam).  Here, plaintiff's claims against Bank of Greene County under the Fourth Amendment, the Fifth Amendment, and for "robbery through a fraudulent levy" (Compl. at 29) are frivolous and must be dismissed.

A claim is "frivolous when either:  (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory."  Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

Plaintiff's allegations and claims against Bank of Greene County are virtually identical to his allegations and claims against Chase.  Thus, even interpreting plaintiff's contentions to "raise the strongest [claims] they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006) (per curiam), they are factually baseless and without legal merit for the same reasons discussed as to Chase above.

The Court acknowledges "[s]ua sponte dismissal of a pro se complaint . . . is a draconian device," which is warranted only in extreme cases.  Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990).  However, the Court concludes the claims against Bank of Greene County are "wholly insubstantial," and therefore dismissal is appropriate.  Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983).

Accordingly, plaintiff's claims against Bank of Greene County are dismissed.

VI.    Other Claims

To the extent the complaint could be construed to raise any other claims not addressed above (including, but not limited to, violations of the "Safe Harbor Act"[12]), they are dismissed as frivolous.  The Supreme Court has upheld the IRS's power to secure property by administrative levy without a court order or other judicial intervention, United States v. Rodgers, 461 U.S. 677, 682 (1983), and there can be no doubt as to the legality of the federal income tax, Allamby v. United States, 207 F. App'x 7, 8–9 (2d Cir. 2006) (summary order); Futia v. United States, 2023 WL 3061903, at *7.  Moreover, plaintiff's repeated assertions that the notice of lien and notice of levy forms were ineffective or improper are "absolutely meritless."  Schiff v. Simon & Schuster, Inc., 780 F.2d at 212 (rejecting the argument that the IRS's use of a notice of levy form was improper).  In other words, plaintiff's "theories have been specifically, repeatedly, and emphatically rejected by courts."  Vidurek v. Pollen, 2021 WL 4066503, at *13; Connor v. C.I.R., 770 F.2d 17, 20 (2d Cir. 1985) ("Wages are income.  The argument that they are not has been rejected so frequently that the very raising of it justifies the imposition of sanctions.").

For these reasons, any such remaining claims in the complaint must be dismissed as plainly frivolous.

---

[12]    Plaintiff's complaint makes no reference to a statutory source for the "Safe Harbor Act." The Federal Defendants attribute the language cited in the complaint to a "set of principles" used by U.S. organizations to certify compliance with European data protection laws.  The Court declines to address this issue because plaintiff's allegations related to the "Safe Harbor Act" are conclusory, vague, and otherwise insufficient to state a claim.  "Complaints which ramble, needlessly speculate, accuse, and condemn, and which contain circuitous diatribes do not comport with basic pleading requirements and must be dismissed."  Vidurek v. Pollen, 2021 WL 4066503, at *13 (S.D.N.Y. Sept. 7, 2021).

VII.   <u>Leave to Amend</u>

A district court ordinarily should not dismiss a <u>pro se</u> complaint for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000).

Here, however, reading the complaint liberally, the Court does not find any allegations that suggest plaintiff has a valid claim which he has merely "inadequately or inartfully pleaded" and should, therefore, be "given a chance to reframe."  <u>Cuoco v. Moritsugu</u>, 222 F.3d at 112.  To the contrary, the Court finds repleading would be futile because the problems with plaintiff's claims are substantive, and supplementary and/or improved pleading will not cure these deficiencies.  <u>See</u> <u>id</u>.

Accordingly, plaintiff is denied leave to amend his complaint.

## CONCLUSION

The motions to dismiss are GRANTED.

All of plaintiff's claims against all defendants are DISMISSED.

The Clerk is instructed to terminate the motions (Docs. ##5, 22, 28) and close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would

not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an

appeal.  Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Opinion and Order and all unpublished decisions to

plaintiff at the address on the docket.

Dated: November 28, 2023
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge